UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Pherebie O. Wall and Robert E. Wall, | ) | Civil Action No. 4:04-754-RBH-TER |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| States of South Carolina, County of | ) | REPORT AND |
| Florence, In the Interest and Estate of | ) | RECOMMENDATION |
| Shirley Vause, Magistrate, in her official | ) | |
| and individual capacity, Tommy Spells, | ) | |
| Constable, in his official and individual | ) | |
| capacity, Alvin Powell, Deputy of the | ) | |
| Florence County Sheriffs Department, in his | ) | |
| official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiffs brought this action in state court alleging causes of action under the United States Constitution as well as state law. They filed their action on or about February 10, 2004, in the Court of Common Pleas, Twelfth Judicial Circuit, Florence County, South Carolina. Defendants State of South Carolina, County of Florence, Tommy Spells, and Alvin Powell, removed the action to this court on or about March 11, 2004, and filed their answer to the complaint on the same date. On March 26, 2004, Defendant In the Interest of Shirley Vause filed a motion to dismiss, seeking dismissal of the complaint based on, among other things, insufficiency of service of process. The undersigned issued a Report and Recommendation on February 10, 2005, recommending that the motion to dismiss be denied, but the service be quashed because the Estate of Shirley Vause had not been properly served. By order filed March 30, 2005, R. Bryan Harwell, United States District Judge, issued an order adopting the Report and Recommendation and allowed plaintiffs thirty (30)

days from the date of his order to perfect service on the Defendant Estate of Shirley Vause.

This matter is now before the court on Defendant Estate of Shirley Vause's motion to dismiss for, among other things, insufficiency of service of process. Defendant estate argues that plaintiffs only mailed a copy of the summons and complaint to Earl, Stephen and Joseph Vause, by regular mail and thus, service has not been perfected.

Plaintiffs present an application for the appointment of personal representative of the Estate of Shirley W. Vause, filed May 12, 2003, indicating that Joseph W. Vause, 3866 Creek Road, Timmonsville, South Carolina, and Stephen Craig Vause, 3739 Olanta Highway, Timmonsville, South Carolina, applied for appointment as personal representative of the estate (Document # 43).

Plaintiffs have presented affidavits of service as follows:

1. Affidavit of Service indicating service upon Robert E. Vause personally at 3870 Creek Road, Timmonsville, South Carolina on April 11, 2005, by a Deputy Sheriff with the Florence County Sheriff's Office.[1] (Document 45).

2. Affidavit of Service on Robert E. Vause by service by a deputy sheriff on or about April 6, 2005, upon, Earl Vause, his father, who resided with Robert E. Vause at 3858 Creek Road, Timmonsville, South Carolina. (Document 44).

3. A return receipt with a delivery date of January 20, 2005, indicating service by certified mail, return receipt requested upon Stephen C. Vause, 3739 Olanta Highway, Timmonsville, South Carolina. (Exhibit 4 to Document # 31).

4. A return receipt with delivery date of January 13, 2005, indicating service by certified mail, return

---

[1] It appears that the summons and complaint was delivered to the Florence County, South Carolina Sheriff's Office on or about April 5, 2005.

receipt requested upon Henry D. McMaster, Attorney General of the State of South Carolina. (Exhibit 4 to Document # 31).

Additionally, as previously set forth in the Report and Recommendation filed February 10, 2005, the attorney general was previously served, and a copy of the summons and complaint were delivered to Shirley Vause's prior office, Magistrate for Florence County.

Under South Carolina law, proper service upon an estate is accomplished by serving the personal representative of the estate. Plaintiff has presented *prima facie* evidence of proper service upon Stephen C. Vause. Therefore, it appears that service upon the Estate of Shirley Vause has been perfected and service is otherwise proper. Defendant Estate of Shirley W. Vause's motion to dismiss on the basis of insufficiency of service of process should be denied.

Defendant also seeks to have the complaint dismissed based on the language in plaintiff's complaint alleging that Shirley Vause was acting within her official capacity and acting under color of law. While it is correct that plaintiffs' claims against the Estate of Shirley Vause for the actions taken in Vause's official capacity should be dismissed, plaintiffs bring this action against the Estate of Shirley Vause, in her official and individual capacity. Based on the allegations of the complaint, judicial immunity is not clearly applicable here. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); King v. Myers, 973 F.2d 354, 356-57 (4th Cir. 1992). This is especially true considering plaintiffs are proceeding *pro se*.

Defendants also seek dismissal of plaintiffs' claims as barred by the applicable statute of limitations. The alleged conduct occurred on February 28, 2002. The South Carolina Tort Claims act provides for a two (2) year statute of limitations. See §15-78-110, S.C. Code of Laws (2001 Supplement). However, the limitations period is extended to three (3) years if a verified complaint

is filed within one (1) year of the occurrence. See Id.; §15-78-80.

It appears that plaintiff filed a verified complaint on or about October 20, 2002. (Exhibit pp. 45-70 to Document 15). Therefore, her claims under state law have an applicable statute of limitations expiration of February 28, 2005. Additionally, the applicable statute of limitations for a § 1983 action is taken from limitations applied to state tort causes of action. Causey v. Balog, 162 F.3d 795, 804 (4th Cir. 1998)(internal citations omitted). In South Carolina, the general statute of limitations is three years. S.C. Code §15-3-530 (1976). As set forth above, plaintiff accomplished service prior to February 28, 2005. Accordingly, defendant has failed to meet its burden of establishing that plaintiffs claims are barred by the statute of limitations.

For the foregoing reasons, defendant's motion to dismiss (Document # 35) should be denied.


September 6, 2005                                          s/Thomas E. Rogers, III
Florence, South Carolina                                Thomas E. Rogers, III
                                                                    United States Magistrate Judge


**The parties' attention is directed to the important notice contained on the following page(s).**

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina  29503
