UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Pherebie O. Wall and Robert E. Wall, ) <br> ) <br>            Plaintiffs, ) <br> ) <br> -vs- ) <br> ) <br> State of South Carolina; County of Florence, ) <br> In the Interest and Estate of Shirley Vause, ) <br> Magistrate, in her official and individual ) <br> capacity; Tommy Spells, Constable, in his ) <br> Official and individual capacity; Alvin ) <br> Powell, Deputy of the Florence County ) <br> Sheriff's Department, in his official and ) <br> individual capacity, ) <br> ) | Civil Action No. 4:04-754-RBH-TER <br><br><br><br> REPORT AND <br> RECOMMENDATION |

This action was removed to this court after plaintiffs brought this *pro se* complaint in the Court of Common Pleas, Florence County, South Carolina. A *pro se* litigant's pleadings are accorded a liberal construction. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed. 163, 101 S.Ct. 173 (1980); Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 97 S.Ct. 594 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). The mandated liberal construction means only that if the court can reasonably read the pleadings to state a claim on which plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a plaintiff's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

-1-

This matter is before the court on plaintiffs' motion for a restraining order (Document # 47). In their motion, plaintiffs assert that they caused Robert E. Vause to be served with service of process in this action, and that the following night they received a phone call, the caller stating, "Do you know who this is? We are after you!" Plaintiffs further assert that following the phone call their caller identification device indicated a certain telephone number which they reported to the Florence County Sheriff's Department. Plaintiffs assert that Robert Vause believes he can intimidate and coerce plaintiffs "to cease or chill their efforts in their plight for justice." Plaintiffs now seek a restraining order prohibiting any further form of communication or contact by the defendants, except through counsel.

Rule 65(a), Fed.R.Civ.P., governs the issuance of a preliminary injunction. In considering such a motion, the court should consider: (1) plaintiffs' likelihood of success on the merits, (2) whether plaintiffs would suffer irreparable harm if the motion is not granted; (3) would granting the motion cause defendants to suffer substantial harm; (4) the public interest. <u>Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc.</u>, 550 F.2d 189 (4th Cir. 1977).

Plaintiffs' motion should be denied for several reasons. Although they indicate a telephone number was identified on their caller identification device, there is no reference to whom the number is registered. Therefore, they have not linked the particular number to any of the defendants in this case. Also, plaintiffs have not made a showing of irreparable harm. A review of the docket sheet in this case clearly shows plaintiffs have not been intimidated from pursuing this case. Plaintiffs' motion, therefore, should be denied.

For the foregoing reasons, plaintiffs' motion for a restraining order (Document # 47) should be denied.


February 7, 2006                                    s/Thomas E. Rogers, III
Florence, South Carolina                            Thomas E. Rogers, III
                                                    United States Magistrate Judge




**The parties' attention is directed to the important notice contained on the following page(s).**

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &
### The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
