# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Pherebie O. Wall and Robert E. Wall, ) | Civil Action No.: 4:04-754-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| State of South Carolina; County of ) | |
| Florence, In the Interest and Estate of ) | |
| Shirley Vause, Magistrate, in her official ) | **O R D E R** |
| and individual capacity; Tommy Spells, ) | |
| Constable, in his official and individual ) | |
| capacity; Alvin Powell, Deputy of the ) | |
| Florence County Sheriff's Department, in ) | |
| his official and individual capacity, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiffs, appearing *pro se*, filed this action in the Court of Common Pleas, Florence County, South Carolina on February 10, 2004. The action was removed to this court on March 11, 2004.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this case was referred to United States Magistrate Judge Thomas E. Rogers, III, for pretrial handling. On April 28, 2005, the plaintiffs filed a motion for a restraining order. In this motion, the plaintiffs allege that they caused Robert E. Vause to be served with service of process in this action and shortly thereafter they received a threatening phone call. The plaintiffs further allege that after they received the phone call their caller identification device indicated a certain telephone number which they reported to the Florence County Sheriff's Department. Plaintiffs allege that Robert E. Vause believes "that he can use intimidation and coercive tactics that will cause these Plaintiff(s) to cease or chill their efforts in their plight for justice, as relevant to this case." Thus, the plaintiffs filed the present motion and seek a restraining order

prohibiting any further form of communication or contact by the defendants, except through counsel.

On February 7, 2006, the Magistrate Judge filed a Report and Recommendation in which he recommends that the plaintiff's motion for a restraining order be denied. In reaching this conclusion the Magistrate Judge notes that although the plaintiffs indicate a telephone number was identified on their caller identification device, there is no reference to whom the number is registered. Therefore, the Magistrate Judge states that the plaintiffs have not linked the particular number to any of the defendants in this case. The Magistrate Judge also finds that the plaintiffs have not made a showing of irreparable harm, as the docket sheet of this case clearly shows that the plaintiffs have not been intimidated from pursing this case.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The plaintiffs filed objections to the Report and Recommendation on February 22, 2006. The objections are as follows:

**Telephone Number**

The plaintiffs first object to the Magistrate Judge's finding that they have not linked the

particular phone number to any of the defendants in this case. As mentioned above, the Magistrate Judge states that although the plaintiffs indicate a telephone number was identified on their caller identification device, there is no reference to whom the number is registered. The plaintiffs object to this finding and argue that they attached a copy of an incident report to the present motion for the purpose of establishing a record of the phone number and the identity displayed on the caller identification device. The plaintiffs argue that the incident report clearly demonstrates that Robert Vause was the name associated with the number on their identification device.

After reviewing the incident report in question, this court finds that the officer who wrote the incident report does not corroborate the plaintiffs' allegation that Robert Vause's name was associated with the number on the identification device. The officer only writes that "*Ms. Wall **states*** that around 0922 hrs, she received a call from 346-5506 with caller i.d. indicating R.D. Vause as the calling phone." (Entry # 47-2) (emphasis added). Thus, this court finds that the above objection to the Magistrate Judge's Report is without merit as the incident report does not clearly demonstrate that Robert Vause was the name associated with the caller identification device. There is simply no phone company records or other sufficient evidence to corroborate the plaintiffs' allegation. The only thing presented to this court is a copy of an incident report which indicates the plaintiff's statement to a police officer.

### **Irreparable Harm**

The plaintiffs next object to the Magistrate Judge's finding that they have not made a showing of irreparable harm. Although the plaintiffs seem to concede in this objection that the alleged phone call has not "chill[ed]" their efforts in pursuing this case, they argue that the twenty-two (22) day period between the time of the alleged phone call and the time they filed this motion can be construed as a "chilling" period. The plaintiffs argue that this twenty-two (22) day period of hesitation shows their

fear in pursuing the restraining order and this establishes irreparable harm.

This court has reviewed the record of this case and concurs with the Magistrate Judge that the plaintiff's numerous filings in this case clearly show that they have not been intimidated from pursuing this case and thus, they have not made a showing of irreparable harm. This court also finds the plaintiffs' argument that a twenty-two (22) day period of hesitation proves irreparable harm is without merit.

Finally, this court notes that the grant of preliminary injunctive relief is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 811 (4th Cir. 1992). However, this court's finding is certainly not intended to prevent any party from contacting the appropriate law enforcement agencies regarding any criminal conduct which occurs in the future, nor is it intended to prohibit any request for a restraining order in the future.

After carefully reviewing the Report, objections, pleadings, memoranda, and applicable law, the court adopts the Magistrate Judge's Report and Recommendation [Entry # 95], and incorporates it herein. The plaintiffs' objections to the Report are hereby overruled. Accordingly, the plaintiffs' motion for a restraining order [Entry # 47] is hereby **DENIED**.

**IT IS SO ORDERED.**

                                                 s/ R. Bryan Harwell  
                                                 R. Bryan Harwell  
                                                 United States District Judge

March 6, 2006  
Florence, South Carolina